Mr. Ron Fields Prosecuting Attorney, Twelfth Judicial District Sebastian County Courthouse Ft. Smith, AR 72901
Dear Mr. Fields:
This letter is in response to your request for an Attorney General's Opinion regarding the validity of Crawford County Ordinance No. 85-34, designed to regulate air pollution. You specifically asked whether Opinion No. 85-219, previously issued by this Office and dealing with the validity of the same County Ordinance, should be altered.
The previous Opinion letter was in response to a request by State Representative L. L. "Doc" Bryan to review the Ordinance and determine whether the County was authorized to legislate in the area of air pollution, or whether that area was preempted by the State. My opinion was that Ark. Stat. Ann. 82-1941 (Repl. 1976) grants exclusive jurisdiction for the regulation of the control and abatement of air pollution to the State, and preempts this field from local ordinance or control.
In your letter, you state that the Crawford County Ordinance regulates the use and application of sludge material for agricultural purposes, and that air pollution resulting from agricultural activities is excluded from the coverage of the State air pollution laws. You then ask whether Opinion No. 85-219
should be amended because of this agricultural exemption.
Act 742 of 1949, Part 2 (as amended), codified as Ark. Stat. Ann. 82-1931 — 82-1943, is the Arkansas statutory law regulating air pollution. This Act sets up the mechanism for the Arkansas Commission on Pollution Control and Ecology to develop rules and regulations concerning air pollution, and to enforce those rules. Section 82-1938 makes violations of this Act a misdemeanor. Section 82-1941 specifically preempts the regulation of air pollution to the State and prohibits political subdivisions from enacting or enforcing ordinances in this field.
You are correct that 82-1934 contains the following exemption:
 The provisions of this Part [82-1931 — 82-1943] do not apply to:
 (1) Agricultural operatings in the growing or harvesting of crops and the raising of fowls or animals, . . . .
However, Opinion No. 85-219 was written in response to a review of Crawford County Ordinance No. 85-34, which on its face does not mention in any way that the Ordinance is to prohibit air pollution in the field of "agricultural operatings in the growing or harvesting of crops and the raising of fowls or animals." The words "agriculture" and "agricultural" do not appear anywhere in the Ordinance, in any form. The Ordinance regulates the application of municipal sewer system waste to "any land in Crawford County." This could include residential property, or rural property which is not currently being used for agricultural operations. Reviewing the ordinance as written, I see no reason to alter or amend my previous Opinion letter.
Furthermore, 82-1934 only exempts "agricultural operating" in the growing or harvesting of crops and the raising of animals. It is not clear whether this exemption would extend to the application of municipal sewer waste to Crawford County lands, if such application were not immediately involved in growing crops or raising animals. It is certainly questionable whether this exemption would apply to section 3 of the Ordinances, which regulates the transport of municipal sewer waste on the roads of Crawford County.
It is my opinion that Opinion No. 85-219 is correct regarding the legal status of Ordinance 85-34, as written.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Jeffrey A. Bell.